## HEALY *v.* SEA GULL SPECIALTY CO.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 253.   Argued May 3, 1915.—Decided May 17, 1915.

Where it appears from the plaintiff's statement that his case is for infringement and arose under the patent laws, the District Court has jurisdiction, notwithstanding the fact that he may also rely upon a contract as furnishing the mode in which the damages grounded on infringement should be ascertained.

THE facts, which involve the jurisdiction of the District Court in a case involving infringement of patent, are stated in the opinion.

Mr. *Charles Rosen* and Mr. *Henry B. Gayley* for appellant.

Mr. *Randolph Barton, Jr.,* with whom Mr. *James E. Zunts* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the appellants, alleging that Healy is the owner of patents for improvements in boxes and machines for making boxes, and that the Healy Box Corporation is the grantee of the exclusive right to make and use the machines and to make, use and sell the boxes containing the patented improvements. The bill next alleges that the defendant is infringing the patents and will continue to do so unless restrained. Then, anticipating a defence, it sets forth a license to the defendant, a breach of its conditions and a termination of

the same. It adds that the license contained a stipulation that in case of any suit for infringement the measure of recovery should be the same as the royalty agreed upon for the use of the inventions, and another for the return of the machines let to the defendant while the license was in force. The bill prays for an injunction against making, using or selling the boxes or machines, for an account of profits received by reason of the infringement, for triple the damages measured as above stated, and for the surrender of the machines. The jurisdiction depended upon this being a case arising under the patent laws, and the District Court thinking that it was merely a matter of contract dismissed the bill. In our opinion its decision was wrong.

It may be that the reasoning of *The Fair* v. *Kohler Die & Specialty Co.*, 228 U. S. 22, is more consistent with that of Mr. Justice Bradley's dissent in *Hartell* v. *Tilghman*, 99 U. S. 547, 556 (a decision since explained and limited, *White* v. *Rankin*, 144 U. S. 628), than with that of the majority, but it is the deliberate judgment of the court and governs this case. As stated there, the plaintiff is absolute master of what jurisdiction he will appeal to; and if he goes to the District Court for infringement of a patent, unless the claim is frivolous or a pretence, the District Court will have jurisdiction on that ground, even though the course of the subsequent pleadings reveals other more serious disputes. *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, 185 U. S. 282. Jurisdiction generally depends upon the case made and relief demanded by the plaintiff, and as it cannot be helped, so it cannot be defeated by the replication to an actual or anticipated defence contained in what used to be the charging part of the bill. For the same reason it does not matter whether the validity of the patent is admitted or denied.

As appears from the statement of it, the plaintiffs' case arose under the patent law. It was not affected by

the fact that the plaintiffs relied upon a contract as fixing the mode of estimating damages or that they sought a return of patented machines to which if there was no license they were entitled. These were incidents. The essential features were the allegation of an infringement and prayers for an injunction, an account of profits and triple damages —the characteristic forms of relief granted by the patent law. The damages were grounded on the infringement, and the contract was relied upon only as furnishing the mode in which they should be ascertained.

*Decree reversed.*