Per Curiatvx :
The plaintiff had assigned his application for a patent for “improvement in cableways on gravity anchors,” and after *466 letters patent had been issued and had been assigned to various parties he became the owner of said letters patent about two and a half months before their expiration by limitation in 1912. It is essential that any right of action he has be confined to said two and a half months’ time. There could be no assignment of any claim against the Government to him arising prior to the time he became the owner of the letters patent. 'Section SlfH, Revised, Statutes.
The Court of Claims did not have jurisdiction of claims for infringement of a patent by the United States until the act of June 25, 1910, 36 Stats., 851. Any jurisdiction which the court now has is subject to the limitations of that act. It is therein expressly provided that the Court of Claims shall not entertain suits “based on the use by the United States of any article heretofore owned, leased, used by, or in the possession of the United States.” The cableways complained of in this action were used by and in the possession of the United States prior to June 25, 1910. In order to meet the question thus presented the plaintiff claims that subsequent to June 25, 1910, the Government materially altered the cableways being used by it in such way as to make them infringe his patent. That result is said to flow from the fact that the Government decreased the deflection of the cables; that is, tightened them up, and that by so doing in connection with the loads they carried the towers were caused to yield or tilt and thereby to become in essence towers such as plaintiff’s patent contemplated and covered. The cableways designed by the Government and used by it were intended to be rigid. So far from being like plaintiff’s design they were intended to be different from it, and they were different. There can. be no question that as constructed and used generally the said cableways used by the Government did not infringe plaintiff’s device. That he had a meritorious device may be conceded. Brothers v. Lidgerwood Mfg. Co., 223 Fed. Rep., 364.
During the course of the defendants’ work on the Panama Canal and the use of its cableways it was found necessary to tighten the cableways so as to admit of the carriage of loads over and free of the work being constructed, and the cables *467 were accordingly tightened. This was done in the orderly conduct of the work upon which the Government was engaged. The railroad tracks upon which the base of the tower rested were built parallel with the canal cut and were at times constructed upon fills resting upon swamp or soft ground. These conditions may at times have caused a yielding of the tower under the stress of the load upon the cable-ways; and if that fact be conceded the question is, Would the act of the Government in making the change suggested amount to an infringement of plaintiff’s patent ? As above stated, there was not intention on the part of the Government to allow its cableways to yield or tilt. As changed they did not amount to a mechanical equivalent, and in the absence of such an intention and mechanical equivalent it can not be said that the changes which the Government made and the results which followed, largely on account of the character of the foundation, would amount to an infringement. If the changes in the cables or the addition to the loads thereon could convert the Government’s cableways into a device embodying the essential features of plaintiff’s device, that fact would demonstrate the invalidity of plaintiff’s patent because of the prior state of the art. Intended as they were to be rigid and designed as rigid towers, well known in the art, the circumstances that from an overburden they might at times yield or tilt some, would be but a demonstration of the well-known fact that even a rigid tower may tilt before it collapses, and that it will topple over or collapse under sufficient stress. If plaintiff’s claim be so construed as to prevent the use of a rigid tower which under any state of circumstance may yield or tilt to some extent, then his claim in that regard would be too broad to give it validity.
Plaintiff’s petition is plainly based upon an alleged infringement, but it was suggested in argument that if he can not recover for an infringement he may recover upon an implied contract. Plainly the two positions are inconsistent and the same facts do not give a right of action for both. The plaintiff protests that the Government had no right to use his device, and he can not recover upon an implied contract unless he consented to such use. Russell’s case, 182 *468 U. S., 516; Healy v. Sea Gull Specialty Co., 237 U. S., 479, 480.
The evidence is very conflicting as to whether the tower, after the deflection of the cables was lessened, tilted or yielded at all. If they did so it was the result of accident and not of design. The evidence does not show any tilting or yielding of a tower during the period of plaintiff’s ownership of the patent.
We think plaintiff has not shown an infringement of his patent and that there can be no recovery as upon an implied contract. The petition will therefore be dismissed.