CURTIS LIGHTING, Inc., et al. v. MUTUAL
SUNSET LAMP MFG. CO.

No. 5404.

District Court, E. D. New York.

April 21, 1931.

Dodson & Roe, of New York City, for plaintiffs.

C. P. Goepel, of New York City, for defendant.

BYERS, District Judge.

The defendant has appeared specially, filing a notice of motion "to test the jurisdiction of this court, upon the bill of complaint and exhibits," because (a) the action is not one arising under the patent laws, and (b) the bill of complaint alleges no facts showing that more than $3,000 is involved in the controversy.

The bill alleges that the plaintiffs are Illinois corporations, and that the defendant is a New York corporation having a place of business in this district; that this is a suit in equity, under the patent laws of the United States, for infringement of United States letters patent No. 1,164,720, "and is also a suit to recover royalties, the jurisdiction of the Court resting upon the diversity of citizenship of the parties and the fact that there is more than $3,000.00 involved in the controversy."

The title to the letters patent in the first-named plaintiff is set forth, and that it is now the sole and exclusive owner and entitled to exercise all the rights thereunder, except that it has granted to the second-named plaintiff a license and the right to grant licenses. That the plaintiffs are engaged in the manufacture of devices constructed in accordance with the disclosures and teachings of the said letters patent, namely, devices adapted to permit the quick and easy placement, adjustment or removal of a shade in connection with an indirect lighting reflector. That a large business has been built up by the first-named plaintiff and its licensees, involving the investment of large sums of money, and reaping of profits and a resultant good-will. That the trade and public generally have recognized and acquiesced in the validity of the said letters patent, and that an essential factor in the growth of the good-will has been the superior quality, both in material and workmanship, of the devices manufactured and distributed by the first-named plaintiff and its licensees. That the plaintiffs have always given due notice to the trade and to the public of the existence of the said letters patent, and have required all licensees to do likewise.

That the defendant is one of the said licensees, under an agreement of June 4, 1930, copy of which is attached to the bill; whereby it obtained the right to manufacture lamps under the said letters patent, and agreed to attach to all such lamps, so manufactured by it, a name plate or label indicating a license under the said letters patent, but, notwithstanding said agreement, the defendant has sold and is continuing to sell lamps which infringe the claims of the said letters patent but which do not bear the said license tag and for which no royalty has been paid, and the defendant has continued to and now is selling the infringing merchandise in question.

That the unmarked devices which the defendant is selling, threatening to sell, and exposing and offering for sale, so closely resemble the patented devices that they are direct infringements of the patent, and are of material and workmanship which are infe-

rior to those pertaining to the devices manufactured by the first-named plaintiff and its licensees.

That inferior workmanship and material result in inefficient devices, which cause dissatisfaction with the users and among the trade; that, in order to insure the use of the proper material and workmanship, the plaintiff has granted only six licenses, as the result of which the license label under the patent is said to indicate workmanship and material of the highest character; that the defendant is now engaged in manufacturing and selling lamps in accordance with the teachings of the said patent but of very inferior workmanship and material; that this conduct is causing irreparable damage to the good-will of the plaintiff, and that the defendant, by offering to sell at low prices colorable imitations of the plaintiff's said patented device but of inferior material and workmanship, is seriously injuring the plaintiff's business, and will destroy the good-will of the business; that this conduct of the defendant has seriously injured the business of plaintiff's other licensees, who are unable to meet such low prices, because they live up to the requirements of the license agreement; that the defendant has sold large numbers of such lamps of inferior construction, etc., without the said license tag, and, in violation of paragraph 7 of the license agreement, has refused the plaintiff an opportunity to inspect the defendant's books.

That the plaintiff has spent large sums of money in advertising its business and the fact that there are only six licensees under the said patent, of which condition the defendant has taken advantage as recited.

The relief asked for is that the defendant be required to make answer to the several allegations of the bill; that the defendant be decreed to account for and pay over to the plaintiff the income and profits thus unlawfully derived, and to produce its records in order that the amount justly due to the plaintiff may be computed; and that triple damages be awarded by virtue of the willful, unjust and unfair infringement by the defendant; that an injunction be granted, preventing further infringement by making, using and selling, etc., devices which embody the invention covered by, or which infringe the claims of, the said patent, without the license tags, and enjoining the defendant from distributing catalogues, etc., advising the buying trade and the purchasing public that the defendant intends to sell such devices without said tags; that a provisional injunction be issued to prevent the infringement by the defendant of said patent by selling said lamps without tags as provided in the license agreement, pending the determination of this cause; that the plaintiff recover costs and disbursements, and that the plaintiff be afforded such other and further relief, etc.

The license agreement annexed to the bill recites: The ownership of the patent in the first-named plaintiff, and the desire on the part of the defendant to manufacture, use and sell devices containing the patented improvements, and the consideration upon which the agreement is founded; that the licensor, the second-named plaintiff, licenses the defendant to manufacture, use and sell, or cause to be used and sold, devices or articles containing the improvements or the invention set forth in said letters patent; and relief to the defendant in case of the invalidity of the said letters patent thereafter declared by a competent court of last resort. The agreement of the licensor to form an Illinois corporation for taking and holding title in and to a license under the said letters patent, under the same and identical conditions under which license is now held and enjoyed by said licensor from the first-named plaintiff, etc. (This provision seems not to be important for present purposes.)

That the licensor shall forthwith prepare and adopt a set of specifications for the making or manufacture or production of devices constructed in accordance with said letters patent, of a standard of quality, and that the devices so made, etc., by the licensor and the licensee shall accord with the requirements of said specifications, and that said devices shall not fall below or become inferior thereto.

That all devices constructed by either the licensor or the licensee shall bear a name plate or label to be prescribed and furnished by the second-named plaintiff, upon which there shall be presented "Licensed Under U. S. Patent No. 1,164,720 and other Patents pending" and the name of the licensee, or matter equivalent thereto, and no device constructed in accordance with said patent shall be marked or merchandised by either the licensor or the licensee without such notice of licensing attached or applied thereto.

That the licensee agrees to pay $1.50 as a license fee upon every device manufactured by it, containing the patented improvements in connection with which the said patent is issued, and to make full and complete returns, etc.

That the licensee will keep books showing the number of patented devices manufactured

or caused to be manufactured under the said license agreement; that the license may be terminated as the result of fifteen days' default in the matter of the payment of license fees.

That not more than six licenses have been granted under the said patent; that all advertising matter relating to the patented device shall be suitably marked with the notice heretofore specified; that the parties will render their mutual assistance in any suit involving the said patent; that the licensee will pay to the second-named plaintiff the amount due for past infringement; that additional licenses in the territory east of Cleveland are limited; that the licensor will prosecute infringements of said letters patent.

The remaining provisions are not of present importance.

A reading of the bill creates the impression that the plaintiffs claim that the defendant has infringed the patent in question by making and selling devices which infringe the patent, of inferior workmanship and material, and that the plaintiffs are entitled to the usual protection against such infringement. The prayer for relief seems to show that the plaintiffs are seeking to be protected from this form of infringement and incidentally to recover profits arising therefrom; while the second paragraph of the bill states that this is a suit to recover royalties, there is no such prayer for relief.

In the case of Luckett v. Delpark, Inc., 270 U. S. 496, 46 S. Ct. 397, 401, 70 L. Ed. 703, the District Court for the District of New Jersey had dismissed a bill for want of jurisdiction, where an accounting and damages were sought under license agreements, as was cancellation of the said agreements, and injunction against future infringement of patents. The decree was affirmed by the Supreme Court, and the opinion, in part, reads as follows:

"The result of these cases is, that a federal district court is held to have jurisdiction of a suit by a patentee for an injunction against infringement and for profits and damages, even though, in anticipation of a defense of a license or authority to use the patent, the complainant includes in his bill averments intended to defeat such a defense. If these averments do not defeat such defense, the patentee will lose his case on the merits, but the court's jurisdiction under the patent laws is not ousted. The error in Hartell v. Tilghman [99 U. S. 547, 25 L. Ed. 357], supra, was in denying jurisdiction under the patent laws when the patentee based his action broadly on his patent and averment of infringement seeking injunction and damages. His averments intended to constitute a reply to the anticipated defense that the defendant was a licensee did not change the nature of his declared choice of a suit under the patent laws. This, under the principle now established by the later cases, and especially The Fair v. Kohler Die & Specialty Company [228 U. S. 22, 33 S. Ct. 410, 57 L. Ed. 716] and Healy v. Sea Gull Specialty Company [237 U. S. 479, 35 S. Ct. 658, 59 L. Ed. 1056] is clear. But the present qualification of the Hartell Case does not affect the principle laid down in Wilson v. Sandford [10 How. 99, 13 L. Ed. 344], that where a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the Court in declaring a forfeiture of the license or in restoring an unclouded title to the patent, he does not give the federal district court jurisdiction of the cause as one arising under the patent laws. Nor may he confer it in such a case by adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he fears the defendant will infringe and therefore asks an injunction to prevent it. That was Wilson v. Sandford. If in that case the patentee complainant had based his action on his patent right and had sued for infringement, and by anticipation of a defense of the assignment had alleged a forfeiture by his own declaration without seeking aid of the court, jurisdiction under the patent laws would have attached, and he would have had to meet the claim by the defendant that forfeiture of the license or assignment and restoration of title could not be had except by a decree of a court, which if sustained, would have defeated his prayer for an injunction on the merits. But when the patentee exercises his choice and bases his action on the contract and seeks remedies thereunder, he may not give the case a double aspect, so to speak, and make it a patent case conditioned on his securing equitable relief as to the contract. That is the principle settled by Wilson v. Sandford and is still the law."

In this bill, the plaintiffs do not seek to recover royalties or to have the license forfeited, if the bill is rightly understood. The relief that they seek is the prevention of the manufacture and sale by the defendant of devices which actually infringe those described in the letters patent.

If the defendant is making and selling devices which infringe the patent, it cannot be saved from the consequences of that conduct because it also makes and sells other devices in accordance with the license agreement and pays royalties as therein provided. It is thought that it would be manifestly unfair to hold that the plaintiff has forfeited its right to prevent infringement of the patent, by granting the license in suit and thus enabling this defendant to make and sell noninfringing devices as part of its activities.

The bill, as so construed, does not seek to recover royalties, but to prevent the infringement of the plaintiff's patent, and to secure an accounting for profits arising from what is said to be an infringement.

If it be argued that what is really charged is that this defendant is paying license fees on only a fraction of its output of the devices covered by the license, and therefore the plaintiff's only remedy is for breach of that contract, the answer is that the bill is not so cast.

The infelicity of the quoted portion of paragraph 2 is not reflected in the remaining allegations; paragraph 8 clearly asserts that the defendant is infringing by selling unmarked devices of inferior material and workmanship, which closely resemble the device covered by the letters patent and therefore by the license. It is that alleged activity which the plaintiff is seeking to prevent.

If the matters discussed are correctly understood, so much of the bill as invokes the jurisdiction of this court, to prevent infringement of the plaintiffs' patent, is legally sufficient, and the objection touching the amount in controversy does not require present consideration.

Motion denied. Settle order.