**RUBENS et al. v. BOWERS et al.**

**No. 10267.**

Circuit Court of Appeals, Ninth Circuit.

June 29, 1943.

Rehearing Denied Aug. 17, 1943.

888

Alan Franklin, of Los Angeles, Cal., for appellants.

F. H. Bowers, of Roseville, Cal., and Mac A. Propp, of Los Angeles, Cal., for appellees.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Certain defendants below, Frank S. Rubens and Electro Ultra-violet Corporation (hereinafter called Electro), appeal from a judgment of the District Court decreeing that they and Therapy Products Co. of America (hereinafter called Therapy) had infringed upon certain letters patent, and ordering that an injunction issue and that plaintiffs recover profits and damages from the named defendants. Therapy, having been adjudicated bankrupt prior to the filing of the Notice of Appeal, is not named as an appellant herein.

An application for a patent on a therapeutic light ray apparatus was made by its co-inventors Bristow and Strong on April 8, 1930. Before the patent issued Bristow and Strong, on January 11, 1932, assigned all their right, title and interest in the invention, application and anticipated letters patent to Radiant Holding Corporation, Ltd. (hereinafter called Radiant), a Nevada corporation. On December 4, 1932, Radiant granted Rubens, as trustee, an exclusive license to manufacture and sell equipment containing the new apparatus. The agreement included a provision for its termination by Radiant, by means of a written notice to Rubens, upon the latter's failure to account for his use of the patent and to pay the fees specified therefor. A month or two later Rubens told plaintiff Bowers that the license agreement was not "worth the paper it was written on" and that he, Rubens, had acquired nothing thereunder.

In 1933 Rubens financed an interference before the Patent Office in the matter of the application for the patent in suit, on the ground that Strong was the sole inventor of the apparatus concerned. Rubens, as an individual, had just purchased an assignment of Strong's rights in an application by which Strong sought a patent to himself alone. On July 12, 1938, the Patent Office reached a decision against the application of Strong alone and in favor of the joint application of Bristow and Strong, and issued Letters Patent No. 2,123,709 to the co-inventors. Immediately, Strong assigned to Bristow all his interest in the matter.

In the meantime, in April of 1933, Rubens, as trustee, transferred his license to Electro, which soon began to manufacture

the devices described in the license agreement and continued to make such apparatus until 1939. In April of 1934, Bowers, as attorney for Radiant, served notice of termination of the license agreement on Rubens and Electro. Not long thereafter Electro's right to do business in California was suspended pursuant to § 3669c of the Political Code of the State of California, and has remained suspended.

In 1939 Electro assigned its license agreement to Therapy, a corporation organized by Rubens, one Villa and one Kobos. Therapy continued the manufacture of apparatus involving claims of the patent in suit.

In 1935 attorney Bowers obtained a Nevada judgment against Radiant for legal services rendered. Supplementary proceedings were instituted for the purpose of disposing of the patent rights in question and applying the proceeds to the judgment. To this end in compliance with the law of Nevada a commissioner-receiver was appointed to dispose of the patents. He was directed to sell the same and to execute conveyance thereof to the purchaser. In pursuance of this order the commissioner-receiver conducted the sale of the patents for $1,000.00 and executed a conveyance thereof in his own name as commissioner-receiver. The appellees brought an action of infringement based upon this title in the United States District Court for the Southern District of California, and on proceeding for summary judgment, the court held that title did not pass by reason of the conveyance of the commissioner-receiver. Thereafter on the 28th day of October, 1939, Radiant executed a conveyance of the patent to appellees, thus confirming the title of the appellees.

In 1941 Bowers and Bristow, both residents of California, brought the instant action in the United States District Court against Rubens, Electro, Therapy and others, all residents of California, basing jurisdiction on the fact that the complaint describes a suit in equity arising under the patent laws of the United States. The plaintiffs allege the issuance of the patent to Bristow and Strong, the granting of a license to use it to Rubens as trustee, and the abandonment of the license first by Rubens and then by mutual rescission. They trace their own title, disclosing an exclusive right in the patented invention, and assert infringement by the defendants. They conclude with a prayer for an injunction, for an accounting for profits, and for triple damages. In their answer defendants assert that the federal court lacks jurisdiction to try title to the patent in the absence of diversity of citizenship of the parties and of the jurisdictional amount. They rely upon an assignment to Electro prior to that on which plaintiffs base their rights and also upon an exclusive and subsisting license to Rubens. A minute order below evidenced the court's decision that it had jurisdiction to try the issues raised by the pleadings.

The basic principle, governing the jurisdiction of a federal trial court in such a situation as the one presented herein, has been often reiterated. This rule is to the effect that allegations merely affecting a contract or license relating to a patent do not make the case a patent suit for jurisdictional purposes.[1] A case with issues affecting the legality or the infringement of a patent is a patent suit falling within the jurisdiction of the United States District Court.[2] If a suit falling within the latter category anticipates the defense of a license or contract and there are included in the bill averments in reply to such a defense, the jurisdiction of the United States

[1] Wilson v. Sandford, 51 U.S. 99, 10 How. 99, 13 L.Ed. 344 (held an action arising out of contract where object of bill was to set aside contract, abrogation of which prerequisite to injunction for infringement of patent); Hartell v. Tilghman, 99 U.S. 547, 25 L.Ed. 357 (modified by later decisions); Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 35 S.Ct. 788, 59 L.Ed. 1295 (infringement part of suit separated from contract parts, and jurisdiction upheld over first part alone); Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; McMullen v. Bowers, 9 Cir., 102 F. 494.

[2] Littlefield v. Perry, 88 U.S. 205, 21 Wall. 205, 22 L.Ed. 577 (if infringement involved, is patent case, and question as to construction of a contract will not oust court of jurisdiction); White v. Rankin, 144 U.S. 628, 12 S.Ct. 768, 36 L.Ed. 569 (complaint for infringement, contract first mentioned in answer as a defense); Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U.S. 282, 22 S. Ct. 681, 46 L.Ed. 910 (question as to existence of a license does not oust court of jurisdiction over infringement suit); The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (anticipation of defense by plaintiff will

District Court is not thereby affected. The application of the rule to particular facts in issue is often puzzling. · It is certain, however, that a plaintiff controls jurisdiction by the allegations and prayer in his bill, Healy v. Sea Gull Specialty Co., 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716.

■ With respect to the instant case we agree that the trial court had jurisdiction to try the matter. In their complaint plaintiffs assert the infringement of a patent to which they have title and pray for the usual injunction, profits and damages of the infringement suit. Referring to a cited case the Supreme Court in Luckett v. Delpark, Inc., 270 U.S. 496, 511, 46 S.Ct. 397, 402, 70 L.Ed. 703, observed: "If * * * the patentee complainant had based his action on his patent right and ·had sued for infringement, and by anticipation of a defense of the assignment had alleged a forfeiture by his own declaration without seeking aid of the court, jurisdiction under the patent laws would have attached * * *."

■ Defendants urge that plaintiffs have an adequate remedy at law for breach of defendants' license under the patent and therefore cannot maintain a suit in equity for infringement. The trial court found that the agreement by which Radiant granted to Rubens an exclusive license had been repudiated and terminated by Rubens in 1933. This finding of ultimate fact is supported by the court's specific findings that the following facts are supported by the evidence: that Rubens financed and abetted the interference before the Patent Office with respect to the patent application after obtaining an assignment of Strong's rights under the latter's application as sole inventor; that Rubens informed Bowers that his license agreement was not "worth the paper it was written on" and that he had acquired nothing thereunder; that twice a notice of termination of the license agreement was served upon various of defendants; and that none of the defendants has ever complied with the terms and conditions of the license agreement. These findings support the conclusion reached by the trial court that the defendants have no interest in the

patent in suit by reason of any license or for any other reason. If there was no sub-sisting license, plaintiffs had no adequate remedy at law, as they could not sue for the breach of a non-existent contract. Also, the non-availability in a court of law of the equitable remedies of injunction and accounting for profits negatives the adequacy of any legal remedy.

■ Defendants claim that the plaintiffs have no title to the patent in suit because the assignment to Bowers by the receiver pursuant to the order of the Nevada Court was invalid under the rule that a patent is transferable only by the patentee, his assigns or legal representatives. Rev.Stat. § 4898, 35 U.S.C.A. § 47. If, as the appellants claim, the conveyance by the commissioner-receiver was invalid, the conveyance by Radiant on October 28, 1939, conveyed the title of the patent to the appellees. The trial court based its finding of title upon the conveyance from Radiant to the appellees of October 28, 1939. We cannot agree to the contention of the appellants that the order of the Nevada Court directing the sale of the patent deprived the parties to the action of the power to bargain with reference to the title of the patent.

Plaintiff Bowers having received good title to the patent, his assignment of an undivided one-half interest to plaintiff Bristow is unquestionably an effective transfer.

■ Defendants raise the additional point that the infringement issue was not convincingly proved by plaintiffs. The point is not well taken. The issue was couched in general terms in the complaint, plaintiffs alleging that defendants infringed Patent No. 2,123,709 in that they "made, sold, distributed and delivered * * * Therapeutic Light Ray Apparatus embodying the patented invention." Defendants answered with a specific denial framed in similar terms. Rubens, as president of Electro and of Therapy, admitted equally broad infringement. He testified that Therapy manufactured the apparatus described in the alleged license and in the patent. With respect to Electro he declared that between 1933 and 1939 it manufactured "the therapeutic light ray apparatus described in the license." The

not deprive court of jurisdiction); Healy v. Sea Gull Specialty Co., 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (adds point that immaterial whether validity of pat-ent admitted or denied); Goss v. Henry McCleary Timber Co., 9 Cir., 82 F.2d 476.

license refers specifically to the application which later matured into the patent in suit. Therefore, the apparatus "described in the license" is the same as that embodied in the patent, and the manufacture of devices described in the former is the manufacture of devices described in the latter. The exact nature of the infringement, that is, how the defendants' products compare with the patented structure, is nowhere described. However, the pleadings and the admissions compel the conclusion that the apparatus manufactured by defendants is the same as that described in the patent claims. The reference then to a special master ordered by the trial court would involve no more than an accounting of all defendants' profits from the sale of the apparatus.

Affirmed.