**Roy B. BOUIE, et al., Plaintiffs,**

v.

**AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, et al., Defendants.**

**No. 4:02CV83–RH.**

United States District Court,
N.D. Florida,
Tallahassee Division.

April 19, 2002.

Steven R. Andrews, Leslei G. Street, Mark E. Walker, Andrews & Walker PA, Tallahassee, FL, for Plaintiff.

P. Bruce Culpepper, James Bruce Culpepper, Akerman Senterfitt & Eidson PA, Tallahassee, FL, Stephen C. Jackson, David P. Donahue, Lee E. Bains, Jr., Maynard Cooper & Gale PC, Birmingham, AL, for American Gen. Life and Acc. Ins. Co., Defendant.

P. Bruce Culpepper, James Bruce Culpepper, Akerman Senterfitt & Eidson PA, Tallahassee, FL, for Independent Life and Acc. Inc. Co., defendant.

P. Bruce Culpepper, Akerman Senterfitt & Eidson PA, Tallahassee, FL, Nicholas Yonclas, Eastpoint, FL, for Jerry Ongley, defendant.

## ORDER OF REMAND

HINKLE, District Judge.

This action was filed in state court and removed to this court on federal question and diversity grounds. Plaintiff has moved to remand. I grant the motion.

### I

### *Background*

Plaintiff is the personal representative of two estates. In his amended complaint, as filed in state court prior to removal, plaintiff asserted the decedents were fraudulently induced to buy burial insurance. The alleged fraud was failure to advise the decedents, who were African American, that the premiums were higher, and benefits less, for African Americans

than for whites. Plaintiff named as defendants the successor through merger of the insurer that issued the burial insurance policies and the two individual agents who made the sales.

Defendants removed the action on two grounds. First, defendants asserted that, although cast as state law claims, plaintiffs claims arise under federal law, because issues of federal law necessarily will have to be resolved in order for plaintiff to recover. Second, defendants asserted that, although plaintiff and an individual defendant are citizens of the same state, the individual defendants have been fraudulently joined, and there is complete diversity between plaintiff and the only proper defendant, the insurer. Plaintiff has moved to remand.

## II

### Federal Question Jurisdiction

Under 28 U.S.C. § 1441(a), an action is removable from state court if within the "original jurisdiction" of the federal district courts. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."

Here, however, plaintiff's claims arise exclusively under state law. Plaintiff seeks to recover under the Florida common law of fraud and perhaps also under the Florida insurance code.[1] Plaintiff invokes federal law not at all. This action thus does not arise under federal law.

■ Three further considerations do not change this. First, it presumably is true that if defendants did what they are accused of, their actions violated federal law. But a plaintiff is not required to invoke every possible basis for recovery, and a plaintiff who chooses not to assert a federal claim does not subject himself to removal, just because he could have, but did not, assert such a claim:

> A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995).[2]

---

1. Defendants assert plaintiff has abandoned any claim under the Florida insurance code. Whether that is so makes no difference for purposes of this order.

2. This accords with the law of the Eleventh Circuit:

   A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court. *13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3566* (1984).
   *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir.1997); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 810 n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 59 L.Ed. 1056 (1915) ("the plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("the party who brings a suit is master to decide what law he will rely upon").

Second, even when state law creates a cause of action, an action may, in appropriate circumstances, "arise[ ] under" federal law if substantial issues of federal law necessarily will have to be resolved in determining the claim. *See, e.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (recognizing the continuing viability of this doctrine but concluding there was no jurisdiction there); *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (same); *Hill v. Marston,* 13 F.3d 1548 (11th Cir.1994) (same). This doctrine does not help defendants here, because in order to resolve plaintiff's claims, a court will need to refer to federal law not at all. Plaintiff has asserted state law claims plain and simple.

Third, plaintiff may or may not have alleged, and plaintiff ultimately may or may not be able to prove, facts that would entitle him to recover on the state law theories he has invoked. But for present purposes, this does not matter. If plaintiff has not alleged or fails to prove a basis for recovery under state law, he will not be able to recover; federal law will not fill the void.

In sum, this action is not within the court's "arising under" jurisdiction.

## III

### Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of actions between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of interest and costs. Diversity, for this purpose, means complete diversity; no plaintiff may be a citizen of the same state as any defendant. *See, e.g., Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). A party who has been "fraudulently joined," however, may be disregarded for purposes of determining whether there is diversity.

Plaintiff and at least one of the individual defendants are citizens of Florida. The defendant insurer is a citizen of Tennessee, where it is incorporated and has its principal place of business.[3] Thus there is diversity if and only if, as defendants assert, the individual defendants have been fraudulently joined.[4]

A defendant is fraudulently joined if the complaint shows there is no possibility that the plaintiff can obtain relief against that defendant. *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). Thus the Eleventh Circuit has said that when, as here, there are one or more defendants from the forum state whose presence if proper would defeat removal, then:

> If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.

*Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440–41 (11th Cir.1983), *superseded by statute on other grounds as noted in Wilson v. General Motors Corp.,* 888 F.2d 779 (11th Cir.1989); *see also Tillman v. R.J.*

---

**3.** The insurer that issued the policy was a citizen of Florida but has been merged into the defendant insurer. The insurer that issued the policy thus no longer exists and is not a party to this action. Neither side asserts the citizenship of the original insurer matters.

**4.** In addition, actions cannot be removed based on diversity if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b). The fraudulent joinder issue is equally dispositive of whether in the case at bar removal is defeated by this principle.

*Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir.2001).

In the case at bar, the individual defendants allegedly sold the policies at issue. They allegedly committed fraud by failing to disclose to the decedents the racial disparity in premiums and benefits. That may or may not constitute fraud under Florida law and may or may not establish a basis for recovery under the Florida insurance code. But if, as plaintiff alleges, the individual defendants were aware of a racial disparity and intentionally did not disclose it, then it seems clear that if plaintiff is entitled to recover under his amended complaint at all, he is equally as entitled to recover against the individual defendants as against the insurer. In Florida, an employee who commits fraud on behalf of his employer is individually liable for the fraud. *See, e.g., S & S Air Conditioning Co. v. Freire,* 555 So.2d 387, 388 (Fla. 3d DCA 1989); *Shee–Con, Inc. v. Al Seim Appraisal Service, Inc.,* 427 So.2d 311 (Fla. 5th DCA 1983).

The fraudulent joinder doctrine addresses situations in which a plaintiff has a claim against one defendant but joins another defendant against whom the plaintiff has no basis for recovery. That is not this case. Here, it makes no more sense to say that the individuals were fraudulently joined than to say the insurer was fraudulently joined; at least on this record, it appears that plaintiff has a claim against all the defendants or none.[5]

In order to accept defendants' assertion of jurisdiction, therefore, the court would essentially have to adjudicate the merits of the entire case and rule in defendants' favor. That would turn the jurisdictional inquiry on its head, with the result that this court, not a state court, would determine that a state law claim between non-diverse parties was unfounded. The Eleventh Circuit has made clear, however, that the fraudulent joinder doctrine does not authorize "a safari in search of a judgment on the merits"; "the jurisdictional inquiry 'must not subsume substantive determination.'" *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997), *quoting B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 548–50 (5th Cir. Unit A 1981).

In short, these defendants were not fraudulently joined. This case thus is not within this court's diversity jurisdiction. Determining whether plaintiff has stated a claim at all, and whether plaintiff will be entitled to recover at all, will be the job of the state court.

### Conclusion

For these reasons, IT IS ORDERED:

Plaintiffs' motion to remand (document 11) is GRANTED. This action is remanded to the Circuit Court, Second Judicial Circuit, Gadsden County, Florida. The clerk shall take all action necessary to effect the remand.

---

**5.** It of course could be that the insurer committed fraud but the individual employees did not. This could happen, for example, if there were fraudulent misrepresentations or omissions to the decedents that the insurer, but not the individual salesmen, knew were false. Defendants make no assertion this is what happened and do not invoke this possibility as a basis for their fraudulent joinder claim.