**Jess Wesley CRAWFORD; Diane LaPlante; Rodney Lane, Plaintiffs–Appellants,**

v.

**GENUINE PARTS CO., INC.; Echlin, Inc., Defendants–Appellees.**

No. 90–35488.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1991.

Decided Oct. 31, 1991.

Joseph R. Marra and Thomas A. Marra, Marra, Wenz, Johnson & Hopkins, Great Falls, Mont., for plaintiffs-appellants.

Bert A. Fairclough and Dennis P. Clarke, Smith, Walsh, Clarke & Gregoire, Great Falls, Mont., for defendants-appellees.

Before WALLACE, C.J., and O'SCANNLAIN and LEAVY, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We consider whether federal court deference to Indian tribal courts is required when the assertion of tribal court jurisdiction comes on the eve of trial, years after the action was filed.

I

This action arose when an automobile accident occurred on December 20, 1982, on the Blackfeet Indian Reservation in Montana. Jess Crawford, Diane LaPlante, and Rodney Lane, all members of the Blackfeet Tribe, were in Crawford's Ford Bronco when Lane, the driver, was forced to take evasive action to avoid livestock grazing on or near the road. The Bronco overturned and all three occupants were injured; Crawford was rendered a quadriplegic.

In 1984, the three injured occupants brought suit in state court against the State of Montana and various companies involved in the production, sale, or maintenance of the Bronco. Included were products liability claims against two companies, now known as Genuine Parts Company and Echlin, Incorporated, for the alleged improper manufacture and installation of brakes upon the Bronco. These two defendants are located outside of Montana.

Eventually, all but the two brake companies were settled out of the litigation. On January 13, 1987, the brake companies removed the action to federal district court on the ground of diversity. The district court assumed jurisdiction, consolidated the cases, and set a trial date of May 2, 1989.

On April 10, 1989, twenty-three days before trial, the three plaintiffs requested that the district court transfer the cases to the Blackfeet tribal court. The plaintiffs claimed that they had only recently realized that original jurisdiction properly lay in the tribal court. On April 14, all parties stipulated to vacating the trial date.

Over one year later, on May 8, 1990, the district court denied the motion to transfer and the parties' joint motion for a stay of proceedings. We granted permission for an immediate appeal. *See* 28 U.S.C. § 1292(b), 737 F.Supp. 1121.

## II

■ In *National Farmers Union Insurance Companies v. Crow Tribe of Indians*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985), and *Iowa Mutual Insurance Company v. LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987), the Supreme Court announced that principles of comity required federal courts to dismiss or to abstain from deciding cases in which concurrent jurisdiction in an Indian tribal court was asserted. *See Stock West Corp. v. Taylor*, 942 F.2d 655, 660 (9th Cir.1991) (*Stock West II*). Whether proceedings are actually pending in the appropriate tribal court is irrelevant. *See Wellman v. Chevron U.S.A., Inc.*, 815 F.2d 577 (9th Cir. 1987) (dismissal affirmed although no tribal court action was pending). "The requirement of exhaustion of tribal remedies is not discretionary; it is mandatory." *Burlington N. R.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1245 (9th Cir.1991). If deference is called for, the district court may not relieve the parties from exhausting tribal remedies. *Id.* [1]

■ Nonetheless, mandatory deference does not follow automatically from an assertion of tribal court jurisdiction. The Supreme Court took pains to note that ex-

haustion would not be required "where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,' or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *National Farmers Union*, 471 U.S. at 856 n. 21, 105 S.Ct. at 2454 n. 21 (internal citation omitted). More recently, we held that deference to tribal courts is not required when the disputed issue is not a "reservation affair" or did not "ar[i]se on the reservation." *Stock West II*, 942 F.2d at 661.

In this case, the brake companies offer two reasons why the district court correctly declined to defer: (1) this case is not sufficiently tied to reservation interests, and (2) the assertion of tribal court jurisdiction was untimely. We examine each contention in turn.

## A

■ The brake companies' first argument, not addressed by the district court, is that comity does not require federal court abstention or dismissal where the federal court's jurisdiction over the dispute is "derivative," having arisen by virtue of a removal from state court. The brake companies urge that this dispute involves "significant off-reservation activity," in contrast to the cases imposing a mandatory exhaustion requirement. Thus, the argument goes, Montana state courts would have at least concurrent jurisdiction over the case, and the principles of comity upon which the Supreme Court relied in *LaPlante* and *National Farmers Union* simply do not apply.

■ There is a kernel of merit in the brake companies' legal argument. As we recently held in *Stock West II*, the mandatory exhaustion requirement announced in

---

1. In *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221 (9th Cir.1989) (*Stock West I*), we described an abuse of discretion standard of review applicable to a federal district court's decision to abstain or to dismiss pending tribal court determination of its own jurisdiction and

disposition of the case. *See id.* at 1229. As we recently explained, however, the district court's "discretion" was not whether or not to require exhaustion, but whether to dismiss rather than to abstain (or vice versa). *See Burlington Northern*, 940 F.2d at 1245.

*LaPlante* and *National Farmers Union* does not apply when the dispute is not a "reservation affair" and did not "arise on the reservation." *See id.* However, we do not agree that this particular case fits within the *Stock West II* rule. Lawsuits springing from on-reservation automobile accidents have often been considered to arise on the reservation, at least when members of the tribe are involved in the litigation. *See, e.g., LaPlante,* 480 U.S. at 11–13, 107 S.Ct. at 974–75 (liability of insured for accident and insurer for conduct in adjusting claim at issue); *National Farmers Union,* 471 U.S. at 847–49, 105 S.Ct. at 2449–50 (liability of insured at issue). "Such disputes clearly 'arise' on the reservation, given the situs of the harm on the reservation and the presence of Indian parties." *Stock West II,* 942 F.2d at 662.

We are perplexed by the brake companies' invocation of "derivative jurisdiction" as an answer to the comity concerns that have animated our cases in this area. It may well be that Montana state courts have concurrent jurisdiction over this matter; nonetheless, this case currently rests in federal court, with diversity jurisdiction. We see no reason why its arrival in the court by way of removal diminishes the force of the Supreme Court's directive that we not permit the federal courts to operate "in direct competition with the tribal courts," *LaPlante,* 480 U.S. at 16, 107 S.Ct. at 976.[2]

### B

■ The brake companies' other argument, that the assertion of tribal court jurisdiction was untimely, persuaded the district court that deference was not necessary. Tacitly recognizing that it was treading on new ground, the district court stressed the unusual procedural posture of this case and "considerations of wise judicial administration" that emphasized the desirability of continued proceedings in the district court.

■ While the district court's reasoning was compelling, we do not perceive room in

the Supreme Court's precedents for a decision not to defer. When the dispute is a "reservation affair," as we have just concluded that this dispute is, there is no discretion not to defer under *LaPlante* and *National Farmers Union. See Burlington Northern,* 940 F.2d at 1245. Thus, the federal court action must be deferred in favor of tribal court proceedings unless the assertion of tribal court jurisdiction falls within one of the *National Farmers Union* exceptions: (1) asserted with a desire to harass or in bad faith, (2) action patently exceeds the tribal court's jurisdiction, or (3) exhaustion is futile due to inadequate opportunity to contest. 471 U.S. at 856 n. 21, 105 S.Ct. at 2454 n. 21.

Only the first exception, "bad faith," arguably applies. We are not convinced that the assertion of tribal court jurisdiction was motivated by a desire to harass or otherwise made in bad faith. The district court, which is in a much better position to assess the parties' motives than we, did not find bad faith or harassment in the late motion to transfer. We do not interpret the district court's description of the assertion of tribal jurisdiction as "dilatory," or its concern that a mandatory exhaustion requirement "would lend itself to procedural 'fencing' " to be a finding that the occupants' conduct amounted to bad faith. Hence, we are satisfied that no exception to the doctrine of mandatory deference to tribal courts applies here.

### III

The district court correctly anticipated our conclusion in *Stock West II* that the exhaustion requirement, though often described as "mandatory," is not in fact absolute even where concurrent jurisdiction may lie in the tribal courts. However, this is not a case in which a district court enjoys discretion to proceed. The dispute "arose on the reservation" and the assertion of tribal court jurisdiction did not fall within one of the *National Farmers Union* exceptions. We remand for the district to

---

**2.** We have no occasion to consider the comity implications on tribal court jurisdiction of con-

current subject matter jurisdiction in state courts.

dismiss or to abstain in favor of tribal court proceedings.

REVERSED and REMANDED.