Leonard PRESCOTT, F. William Johnson, and Peter Riverso, Plaintiffs,

v.

LITTLE SIX, INC., et al., Defendants.

Gary J. GLEISNER, Plaintiff,

v.

LITTLE SIX, INC., et al., Defendants.

Civ. Nos. 3–95–436, 3–95–454.

United States District Court, D. Minnesota, Third Division.

Aug. 31, 1995.

Steven E. Wolter and Douglas A. Kelley, Kelley Law Office, Minneapolis, Minnesota, for Plaintiffs Leonard Prescott, F. William Johnson and Peter Riverso.

J. Dennis O'Brien, James Louis Forman and Max Ramsey, Rider, Bennett, Egan & Arundel, Minneapolis, Minnesota for Plaintiff Gary J. Gleisner.

Steven F. Olson and Vanya Hogen–Kind, BlueDog Law Office, Bloomington, Minnesota, and Richard A. Duncan, Jerry Snider and Timothy C. Rank, Faegre & Benson, Minneapolis, Minnesota for Defendant Little Six, Inc., the Little Six, Inc., Separation Pay Plan, the Little Six, Inc., Retirement Plan, the Little Six, Inc., Supplemental Retirement Plan, the Little Six, Inc., Retention Plan, the Little Six, Inc., Life Insurance Plan, and the Little Six, Inc., Executive 457 Plan and the Little Six Trust.

Jan D. Struumans, Struumans & Karan, Minneapolis, Minnesota, for Defendants Robert Burns, John Somers, David Gilbertson and John Doe and Jane Roe.

KYLE, District Judge.

### Introduction

Plaintiffs commenced these actions seeking a determination and recovery of benefits purportedly due them under several benefits plans established by their employer, Defendant Little Six, Inc. ("LSI"). Plaintiffs' claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1500. Plaintiffs seek declaratory, injunctive and monetary relief pursuant to 29 U.S.C. § 1132. This matter is currently before the Court on the Defendants' Motion to Consolidate pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and to Dis-

miss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will dismiss these actions without prejudice and deny the Defendants' Motion to Consolidate as moot.

## Background

### I. Parties

Plaintiffs are all former executive employees of Defendant LSI. Plaintiff Gary J. Gleisner ("Gleisner") was LSI's Senior Vice President of Finance; Plaintiff Leonard Prescott ("Prescott") was LSI's Chief Executive Officer and Board Chairman, he is also an enrolled member of the Shakopee Mdewakanton Sioux (Dakota) Community ("SMSC"); Plaintiff F. William Johnson ("Johnson") was LSI's Chief Operating Officer; and Plaintiff Peter Riverso ("Riverso") was LSI's Senior Vice President of Casino Operations.

LSI is a corporation organized pursuant to the laws of the SMSC and engaged in the business of legal Indian gaming conducted pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701–2721. The SMSC is a federally recognized Indian tribe and is the sole shareholder of LSI. LSI is the administrator of certain employee benefits plans[1] (collectively referred to as "plans" or "top-hat plans") and the Little Six, Inc. Trust ("Rabbi Trust"). Defendants Robert Burns, John Somers, David Gilbertson, John Doe and Jane Roe are trustees of the Rabbi Trust.

### II. LSI Benefits Plans

The LSI Board of Directors began considering various benefits plans for upper level management employees in 1992. (Prescott Compl. ¶ 22.) LSI adopted the plans and Rabbi Trust at issue in this litigation between December 1, 1992 and March 25, 1993. (Id. ¶ 24; Gleisner Compl. ¶ 35.) During this period, there was "constant tension" between SMSC's Tribal Council Chairman, Stanley Crooks, and LSI's then CEO Leonard Pres-

cott. (Johnson Aff. ¶ 27.) This tension ultimately lead to a change of power within LSI's upper management: Gleisner resigned in February, 1994 (Gleisner Mem. in Opp. to Mot. at 4); SMSC's governing body, the General Council, removed Prescott and Johnson from the LSI Board of Directors in late 1994 (Gleisner Compl. ¶ 52); and the new LSI Board of Directors terminated Riverso without cause on January 9, 1995 (Riverso Aff. ¶ 14).

Following these changes, the new LSI Board of Directors challenged the validity of the various LSI top-hat benefits plans. In January, 1995, the new LSI Board of Directors formally approved a Resolution which (1) declared that the plans and Rabbi Trust had not been formally adopted or approved by the Board as required under tribal corporate law, (2) declined to formally adopt or approve the plans and Rabbi Trust, (3) refused to authorize payments to plan participants of the Separation Pay and Retention Plans, (4) required distributions owing under the Supplemental Retirement Plan to be offset by all "tax gross-up" payments made on behalf of participants and (5) revoked the Rabbi Trust. (Gleisner Compl. ¶ 54 & Ex. G.) Plaintiffs subsequently commenced the present actions, claiming the failure to pay benefits allegedly owing under LSI's various benefits plans violates ERISA and seeking declaratory, injunctive and monetary relief under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3).

### III. Tribal Court Proceedings

Several actions are currently pending before SMSC's tribal court relating to the validity of the LSI benefits plans and the Defendant trustees' duties thereunder. LSI, the LSI Board of Directors and the SMSC filed a complaint against Prescott and Johnson in SMSC's tribal court on October 21, 1994, alleging, *inter alia*, they wrongfully converted and misused LSI assets and breached their fiduciary obligations by creating the benefits plans. (*See* Defs'. Mem. in

---

1. The Defendant plans in this case are: the Little Six, Inc., Separation Pay Plan, the Little Six, Inc., Retirement Plan, the Little Six, Inc., Supplemental Retirement Plan, the Little Six, Inc., Retention Plan, the Little Six, Inc., Life Insurance Plan, and the Little Six, Inc., Executive 457 Plan.

Supp.Mot., Ex. D.) According to the Defendants, this action challenges the validity of the Rabbi Trust and related benefits plans. (Crooks Aff. ¶ 8.) On April 6, 1995, Defendants Burns and Somers, as trustees of the Rabbi Trust, filed a petition in SMSC's tribal court seeking a determination of rights under the Rabbi Trust and instructions regarding the trustees' obligation to distribute trust assets to LSI. (*See* Wolter Aff., Ex. A.) The trustees' tribal court action has been stayed pending resolution of the motions currently before this Court. (Gleisner Mem. in Opp. to Mot. at 6.) The Plaintiffs in the present case have not attempted to litigate their ERISA claims in SMSC tribal court and have proceeded directly to this forum.

Plaintiffs contend this Court has exclusive subject matter jurisdiction over their claims pursuant to 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3) and 28 U.S.C. § 1331.

### Discussion

In their Motion to Dismiss, the Defendants claim: (1) the Court should abstain from exercising jurisdiction pending exhaustion of tribal remedies, and (2) the Court lacks subject matter jurisdiction over Plaintiffs' claims because LSI is a sovereign tribal entity not subject to the terms of ERISA; in the alternative, the Defendants allege that if ERISA applies to LSI, (3) Plaintiffs' claims are barred by the doctrine of tribal sovereign immunity; (4) ERISA's fiduciary duties do not extend to the plans at issue in this case; and (5) the Rabbi Trust is not covered by ERISA. The Court agrees with the Defendants' first contention and will limit its discussion to that issue.

### I. Exhaustion—Legal Standard

■■■■ Civil jurisdiction over the activities of non-Indians on reservation lands is an important part of tribal sovereignty that presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or by federal statute. *Iowa Mutual Ins. Co. v. La Plante,* 480 U.S. 9, 18, 107 S.Ct. 971, 977–78, 94 L.Ed.2d 10 (1987). The Supreme Court and the Eighth Circuit have repeatedly emphasized that tribal courts play a "vital role" in tribal self-governance, and that "because a federal court's exercise of jurisdiction over matters relating to reservation affairs can impair the authority of tribal courts, as a matter of comity, the examination of tribal sovereignty and jurisdiction should be conducted in the first instance by the tribal court itself." *Duncan Energy Co. v. Three Affiliated Tribes,* 27 F.3d 1294, 1299 (8th Cir.1994) (citing *National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 856, 105 S.Ct. 2447, 2453–54, 85 L.Ed.2d 818 (1985)), *cert. denied,* —— U.S. ——, 115 S.Ct. 779, 130 L.Ed.2d 673 (1995). The exhaustion requirement applies in both diversity and federal question cases. *Iowa Mutual,* 480 U.S. at 16, 107 S.Ct. at 976. Whether proceedings are actually pending in tribal court is not relevant to determining whether exhaustion will be required. *Crawford v. Genuine Parts Co.,* 947 F.2d 1405, 1407 (9th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992).

■■■■ The Eighth Circuit has interpreted *National Farmers Union* and *Iowa Mutual* "to *require* exhaustion of tribal court remedies *before* a case may be considered by a federal district court." *Duncan Energy,* 27 F.3d at 1300 (citing cases) (emphasis added). Other circuits have reached a similar conclusion. *See, e.g., Smith v. Moffett,* 947 F.2d 442, 445 (10th Cir.1991) (concluding that *National Farmers Union* and *Iowa Mutual* established an "inflexible bar" to the federal courts which precludes consideration of the merits of an action prior to exhaustion of tribal remedies and which may not be waived by the parties); *Crawford v. Genuine Parts Co.,* 947 F.2d 1405, 1407 (9th Cir.1991) (explaining that "[t]he requirement of exhaustion of tribal remedies is not discretionary; it is mandatory" (citation omitted)). Tribal court remedies must be exhausted unless either: (1) the tribal court action "is patently violative of express jurisdictional provisions" or (2) exhaustion would be futile. *Duncan Energy,* 27 F.3d at 1300–01 (citing *National Farmers Union,* 471 U.S. at 856 n. 21, 105 S.Ct. at 2453–54 n. 21).

### II. Exhaustion—Application

#### A. Express Jurisdictional Limitations

Plaintiffs have not attempted to exhaust their tribal remedies. Rather, Plaintiffs con-

tend tribal court jurisdiction violates express jurisdictional provisions because: (1) federal courts have exclusive jurisdiction to grant the declaratory and injunctive relief they seek and (2) the tribal court's enabling ordinance (Gleisner Mem. in Opp. to Defs'. Mot., attach.) does not confer jurisdiction on the tribal court to consider ERISA claims. The Court finds neither of these arguments persuasive.

■ Although federal courts have exclusive jurisdiction to award equitable relief under 29 U.S.C. § 1132(a)(3)[2], federal courts do not have exclusive jurisdiction to determine whether an ERISA plan exists or whether benefits were wrongfully denied. This is important. The Eighth Circuit has recently explained:

> ERISA nowhere makes federal courts the exclusive forum for deciding the ERISA status *vel non* of a plan or fiduciary.... Until [plaintiff] has proven its allegation that ERISA applies, questions of preemption and exclusive federal jurisdiction do not enter this case. Until the preliminary issue of ERISA status is decided, [plaintiff] may not seek the exclusive federal protections available to an ERISA plan.

*International Assoc. of Entrepreneurs of Am. v. Angoff,* 58 F.3d 1266, 1269 (8th Cir. 1995), *reh'g denied,* (Aug. 4, 1995). *Angoff* concluded that the state court had jurisdiction to determine in the first instance whether an ERISA plan actually existed, despite the fact that plaintiff sought exclusively federal relief under 29 U.S.C. § 1132. Thus this Court does not have exclusive jurisdiction to determine whether LSI's alleged ERISA plans are valid.[3] This is especially significant in this case, where the validity of the plans appears to be the dispositive question. As a result, ERISA does not expressly bar the tribal court from considering whether LSI's benefit plans are valid ERISA plans.

■ In addition to the foregoing federal limitation, the Plaintiffs claim exhaustion is not required because SMSC's tribal court enabling ordinance does not expressly grant jurisdiction over ERISA claims. Plaintiffs ask the Court to find, by negative inference, that SMSC's tribal court therefore lacks jurisdiction to consider their ERISA claims. Under the law in this Circuit, however, tribal court jurisdiction is to be decided in the first instance by the tribal court, not the federal court, and federal courts must defer to a tribal court's interpretation of its law.[4] *See Duncan Energy,* 27 F.3d at 1299 (citing cases); *Runs After v. United States,* 766 F.2d 347, 352 (8th Cir.1985) (holding that "disputes involving questions of interpretation of [a] tribal constitution and tribal law is not within the jurisdiction of the district court"). Moreover, to the extent the Defendants claim the plans are invalid for failure to comply with SMSC's corporate provisions, the Defendants' claim appears to be well

2. ERISA provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter." 29 U.S.C. § 1132(e).

3. Indeed, the existence of an ERISA plan is a necessary *prerequisite* to federal subject matter jurisdiction. *Kulinski v. Medtronic Bio–Medicus, Inc.,* 21 F.3d 254, 256 (8th Cir.1994) (citing *Harris v. Arkansas Book Co.,* 794 F.2d 358, 360 (8th Cir.1986) ("[t]he existence of a plan is a prerequisite to jurisdiction under ERISA")); *see also UIU Severance Pay Trust Fund v. Local Union No. 18–U,* 998 F.2d 509, 510 & n. 2 (7th Cir.1993) ("the existence of an 'ERISA-governed plan' is an essential precursor to federal jurisdiction"). Consequently, determining whether LSI's plans and Rabbi Trust are valid under ERISA precedes a consideration of the merits of Plaintiffs' ERISA claims, including those claims over which the Court may have exclusive jurisdiction.

4. Plaintiff Gleisner claims the tribal court enabling ordinance "unambiguously sets forth the extent of the Tribal Court's subject matter jurisdiction" and that "no colorable claims can be made that the Tribal Court has jurisdiction" over ERISA claims. (Gleisner Mem. in Opp. to Mot. at 21–22.) The Court does not agree. The passage of the tribal ordinance upon which Plaintiffs rely for these assertions enumerates the matters over which the tribal court has "original and *exclusive* jurisdiction," it does not purport to address the remainder of those matters over which the tribal court may have concurrent jurisdiction. (*Id.,* attach. § 2 (emphasis added).) As set forth above, tribal courts presumptively have concurrent civil jurisdiction over activities on reservation lands unless specifically limited by a treaty or federal statute; such jurisdiction need not be specified in a tribal court enabling ordinance in order to lie with the tribal court. *Iowa Mutual,* 480 U.S. at 18, 107 S.Ct. at 977–78.

within the tribal court's exclusive jurisdiction as specifically set forth in its enabling ordinance. (*See* Gleisner Mem. in Opp. to Mot., attach. § 2 ("[t]he [SMSC] Tribal Court shall have original and exclusive jurisdiction to hear and decide all controversies arising out of ... action of the ... Business Council or its officers ... pertaining to ... the procedures employed by ... the Business Council ... in the performance of their duty").)

### B. Futility

 Plaintiffs have similarly failed to prove exhaustion will be futile. Exhaustion is not required where an assertion of tribal jurisdiction is motivated by a desire to harass, is conducted in bad faith, or where plaintiffs lack an adequate opportunity to challenge the court's jurisdiction. *National Farmers Union*, 471 U.S. at 856 n. 21, 105 S.Ct. at 2453–54 n. 21. In the present case, the Plaintiffs have not alleged bias, bad faith, or inability to challenge the tribal court's jurisdiction. *See Duncan Energy*, 27 F.3d at 1301 (rejecting plaintiff's claims of futility and explaining "[a]bsent an indication of bias, we will not presume the Tribal Court to be anything other than competent and impartial"). Instead, Plaintiffs claim exhaustion is futile because federal courts have exclusive jurisdiction to award the equitable portion of the relief they seek. As discussed in part A, *supra*, this does not render exhaustion futile. To the contrary, the Supreme Court has explained that exhaustion is favored because it permits:

> a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed [in the federal district court].... [It will also] encourage tribal courts to explain to the parties the precise basis for accepting jurisdiction, and will provide other courts with the benefit of their expertise in such matters in the event of further judicial review.

*National Farmers Union*, 471 U.S. at 856–57, 105 S.Ct. at 2453–54. This rationale is particularly appropriate here, where Defendants claim ERISA does not apply because the plans and Rabbi Trust do not comply with SMSC's Business Corporation Ordinance or LSI's Articles of Incorporation. This defense is predicated upon issues which implicate tribal law, and as such falls within the expertise of the tribal court. The Court finds the futility exception to the exhaustion requirement does not apply; exhaustion is thus required under *Duncan Energy, National Farmers Union* and *Iowa Mutual.*

### III. Federal Subject Matter Jurisdiction to Require Exhaustion

 In addition to challenging the applicability of the exhaustion doctrine, Plaintiffs claim the Court may not require exhaustion without first concluding that it has subject matter jurisdiction over this action. Because the existence of a valid ERISA plan is a necessary prerequisite to federal subject matter jurisdiction,[5] Plaintiffs contend the Court does not have subject matter jurisdiction to dismiss this action under the exhaustion doctrine without first determining LSI plans are valid ERISA plans. The Court does not agree with this analysis. Plaintiffs' Complaint alleges the LSI plans are governed by ERISA and that Defendants violated various ERISA provisions. As such, the Plaintiffs have alleged a federal claim for relief over which the Court has subject matter jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (holding that federal jurisdiction exists when a federal question is presented on the face of the complaint). The Court accordingly has jurisdiction to dismiss this action pending exhaustion of tribal court remedies.

 Moreover, the Eighth Circuit has specifically recognized that federal courts need not resolve the ERISA status of a plan prior to issuing an abstention order. In *Angoff*, the district court dismissed plaintiff's federal claims under the abstention doctrine. *Angoff*, 58 F.3d at 1269–70. The district court did not determine the plans were valid ERISA plans prior to dismissing the plaintiff's federal claims. The Eighth Circuit affirmed and, as noted, explained "[u]ntil the preliminary issue of ERISA status is decid-

---

**5.** *See* note 3, *supra.*

ed, [plaintiff] may not seek the exclusive federal protections available to an ERISA plan." *Angoff*, 58 F.3d at 1269. The Eighth Circuit required the plaintiff to contest the validity of the plans in state court. The present situation is analogous. The tribal court presumptively has jurisdiction to determine whether LSI's plans are valid ERISA plans. The Court will accordingly require the Defendants to contest the validity of the plans in that forum. Indeed, determining whether the plans at issue in this case are valid would require the Court to engage in precisely the kind of inquiry the exhaustion requirement was designed to prevent.[6]

### Conclusion

Based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED** that:

(1) Defendants' Motions to Dismiss (Civil No. 3-95-436, Doc. No. 3; Civil No. 3-95-454, Doc. No. 5) are **GRANTED** and each of these actions is **DISMISSED WITHOUT PREJUDICE**;

(2) Defendants' Motions to Consolidate (Civil No. 3-95-436, Doc. No. 3; Civil No. 3-95-454, Doc. No. 5) are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**6.** The Court need not presently reach the question of whether ERISA governs tribal benefits plans in the event the tribal court concludes LSI's plans and Rabbi Trust are valid. The examination of tribal sovereignty, jurisdiction and federal laws not exclusively reserved for the federal courts should be conducted in the first instance by the tribal court itself. After tribal remedies are exhausted, the tribal court's determinations of federal law are reviewed de novo. *Duncan Energy*, 27 F.3d at 1300. The Court does note, however, that persuasive federal authority on this issue indicates ERISA's requirements apply to LSI's plans and the Rabbi Trust—provided they are valid. *See Lumber Indus. Pension Fund v. Warm Springs Forest Products Indus.*, 939 F.2d 683 (9th Cir.1991) (holding ERISA applies to tribal employee benefits plan); *Smart v. State Farm Ins. Co.*, 868 F.2d 929 (7th Cir. 1988) (same).