Raymond A. GALLEGOS, d/b/a Games
Best Enterprises, Inc., Plaintiff,

v.

SAN JUAN PUEBLO BUSINESS
DEVELOPMENT BOARD,
INC., Defendant.

Civ. No. 96–1037 JP/RLP.

United States District Court,
D. New Mexico.

Jan. 24, 1997.

James R. Toulouse, Toulouse & Associates,
Albuquerque, NM, for Plaintiff.

Cynthia A. Kiersnowski, Wayne H. Bladh,
and Leander Bergen, Nordhaus, Haltom,
Taylor, Taradash & Frye, Santa Fe, NM, for
Defendant.

### MEMORANDUM OPINION AND ORDER OF REMAND

PARKER, District Judge.

The subject of this Memorandum Opinion
and Order of Remand is plaintiff Raymond
A. Gallegos' "Motion to Remand" (Doc No.
7), filed September 24, 1996. On January 6,
1997, I held a hearing on the motion. James
Toulouse and Brett Loveless appeared on
behalf of Raymond Gallegos, who was pres-
ent. Lee Bergen appeared on defendant's
behalf. After thoroughly considering the
pleadings, law, and arguments of counsel, I
conclude that plaintiff's motion should be
granted and that this case should be remand-
ed to the First Judicial District Court, Coun-
ty of Rio Arriba, State of New Mexico.

*Background*

On July 22, 1992, Mr. Gallegos, on behalf
of Games Best Enterprises ("Games Best")
entered into an agreement (the "Agree-
ment") with an entity from San Juan Pueblo.
Mr. Gallegos argues that the Agreement was
with the San Juan Pueblo Business Develop-
ment Board (the "Board"); defendant argues
that the agreement was with the Pueblo it-
self.[1] The parties also dispute the nature of
the Agreement. Plaintiff contends it is a
lease; the Board argues that it is a "manage-
ment contract."

---

1. For purposes of plaintiff's motion to remand, I
need not, and do not, decide this issue.
Throughout this Memorandum Opinion and Or-
der, I will refer to the San Juan Pueblo Business
Development Board and/or the Pueblo of San
Juan as the "Board."

The Agreement states that Games Best would provide slot machines to the Ohkay Casino located on the San Juan Pueblo. The agreement was to last for 5 years with a joint option to renew. Some of the other important provisions of the Agreement were that Games Best would receive 40% of the net proceeds of each machine as rent; Games Best was to be the exclusive provider of the casino's machines; Games Best was authorized to set the payout rate of each machine as long as it was at least 85%; and Games Best would maintain all books and records for the machines.[2]

On February 28, 1996, before Mr. Gallegos filed this action in state court but more than three years after entering into the Agreement, the Board sent the Agreement to the National Indian Gaming Commission ("NIGC") in order for the NIGC to determine whether the Agreement was a "management contract" under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701–2721 ("IGRA"). Ms. Penny Coleman, Associate General Counsel to the NIGC responded on April 12, 1996 with what purports to be the NIGC's conclusion that the Agreement was a management contract and, because it lacked NIGC approval, was void under 25 C.F.R. § 533.[3] Ms. Coleman's letter further stated that "no action should be taken pursuant thereto."

Mr. Gallegos filed suit in the First Judicial District Court of Rio Arriba County in June, 1996. He alleged that as of January, 1996, the Board stopped paying him rent for the machines. His complaint stated only a state law claim for a writ of replevin based on a breach of the Agreement.

The Board removed the case to federal court on July 26, 1996 alleging federal question jurisdiction. The Board argues that, because in its view the Agreement is a "management contract" under IGRA, IGRA completely preempts Mr. Gallegos' state law claim and establishes federal court jurisdiction over this case.

Mr. Gallegos counters that because his complaint alleged only a state cause of action, under the well-pleaded complaint rule, federal jurisdiction does not exist.

*Analysis*

■ Ordinarily, a plaintiff is the master of his or her complaint and may avoid invoking federal court jurisdiction by alleging solely a state law cause of action in a state court proceeding. *See Healy v. Sea Gull Specialty Co.,* 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915); *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995). An exception to this "well-pleaded complaint rule" is the doctrine of "complete preemption." *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). *See also Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Under the complete preemption doctrine, a federal court has jurisdiction over a complaint that alleges only state causes of action if Congress' intent to pre-empt those claims is clear. *See Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. at 1548.

The Board notes that "[t]o be completely preemptive, a statute must have 'extraordinary preemptive power,' a conclusion that courts reach reluctantly." *Gaming Corp. of America v. Dorsey & Whitney,* 88 F.3d 536, 543 (8th Cir.1996), *citing Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. at 1547–48.[4] "The term 'complete preemption' is somewhat mis-

---

**2.** At the January 6, 1997 hearing, Mr. Loveless stated that the written form of the Agreement did not represent the parties' full agreement because the parties had orally modified the Agreement subsequent to entering into it.

**3.** IGRA requires that the Chairman of the NIGC review and approve management contracts. 25 U.S.C. § 2710. Plaintiff argues that, because Ms. Coleman is not the Chairman of the NIGC, her correspondence is merely an opinion letter and not the NIGC'S definitive conclusion that the Agreement is a management contract. Because I

am not deciding the nature of the Agreement, I need not, and do not, decide whether Ms. Coleman's letter is a decision of the Chairman of the NIGC.

**4.** In *Gaming Corp.* the United States Court of Appeals for the Eighth Circuit found that IGRA preempted the state law claims asserted in that case. However, the facts in *Gaming Corp.,* which dealt with licensing and the tribe's choice of management companies, were quite different from those presented here.

leading because even when it applies, all claims are not necessarily covered." *Gaming Corp.*, 88 F.3d at 543. As noted above, compete preemption is ultimately governed by the intent of Congress. *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. at 1548.

■ The Board argues that because IGRA, at 25 U.S.C. § 2711, specifically deals with NIGC approval of management contracts, anything relating to a management contract is preempted by IGRA. The Board claims that this suit directly interferes with its and the NIGC's regulation of management contracts within the San Juan Pueblo.

Mr. Gallegos' complaint, though, alleges only a state cause of action for a writ of replevin. He never alleged that the Agreement was a management contract or that IGRA somehow controlled disposition of the case. Thus, unless his claim is completely preempted, this court will lack jurisdiction.

The Board, in this removed action, bears the burden of establishing the jurisdiction of this court. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). *See also In re County Collector*, 96 F.3d 890, 894 (7th Cir.1996); *Diaz v. Sheppard*, 85 F.3d 1502, 1504 (11th Cir.1996); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). Coupled with this burden is the "presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). I conclude that the Board has not met its burden.

In sum, the Board argues that because the Agreement, as determined by the NIGC, is a management contract requiring NIGC approval, Mr. Gallegos' state law replevin action is completely preempted by IGRA. The Board also argues, though, that because the NIGC did not approve the Agreement, it was void from its inception and was never a valid written contract.

Even if I accept the Board's argument for the purpose of determining whether it has met its burden in establishing federal court jurisdiction, the conclusion I reach is this—if the Agreement is void because it is a management contract that was not approved in advance by the Chairman of the NIGC as required by 25 U.S.C. § 2710(d)(9) it never was a valid written contract, but was only an *attempt* at forming a management contract. If that is the case, then Mr. Gallegos' suit in no way interferes with the regulation of a management contract because none ever existed.[5] The Board has not established that Congress intended to overcome the well-pleaded complaint rule on these facts. It is quite a stretch to say that Congress intended to preempt state law when there is no valid management contract for a federal court to interpret. Because the Board has not met its burden in establishing federal court jurisdiction over this case, I conclude that I lack subject matter jurisdiction and that this case should be remanded.

■ The Board argues that if I am going to remand this action, I should remand it to *tribal* court, where a parallel proceeding is underway.[6] The Board, though, points to no authority that would allow me to do so.[7] I

---

**5.** If the Agreement is, as plaintiff contends, a lease, then I would also lack subject matter jurisdiction because IGRA would not be implicated in any way and no federal question would be presented.

**6.** The Board also requested that I stay this action in federal court pending resolution of the case in tribal court. I may not stay a matter over which I have no jurisdiction. The cases cited by the Board in support of their argument that I should stay this action are inapposite. The courts in both *Crawford v. Genuine Parts Co., Inc.*, 947 F.2d 1405 (9th Cir.1991), and *Krempel v. Prairie Island Indian Community*, 888 F.Supp. 106 (D.Minn.1995), had jurisdiction over the claims

in those cases and elected to defer to the tribal courts. Here, however, I do not have jurisdiction over this case. A stay or abstention would be improper.

**7.** At the hearing, I asked Mr. Bergen to provide me with the citation to "a case where a federal court has remanded a removed state court action other than to the state court from which it was removed." Mr. Bergen, in submitting citations to *Crawford* and *Krempel*, did not come close to responding to my request. Neither of those cases involved a federal court remanding a case, let alone remanding a case to a court other than the state court from which it was removed. Scarce judicial resources were wasted in review-

conclude that I may not remand this case to a court other than the one from which it was removed. *See* 28 U.S.C. § 1447.

IT IS THEREFORE ORDERED that plaintiff's motion to remand is GRANTED and this case is hereby remanded to the First Judicial District Court, County of Rio Arriba, State of New Mexico.

ing these non-responsive cases. Mr. Bergen apparently fails to recognize that, as an officer of the court, it is his duty to assist, not mislead, the court.