111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wanda SIBLEY, individually and as surviving spouse, and as
personal representative of the Estate of Norman Lee Sibley,
deceased, and on behalf of Norman Lee Sibley, Jr., a minor
est Norman Lee Sibley, Plaintiff-Appellant,
v.
INDIAN HEALTH SERVICES of the UNITED STATES of America;
Fort Peck Housing Authority, Defendants-Appellees.
 No. 95-35939.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1997.
Decided April 9, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court erred in reaching the merits of Wanda Sibley's claim against the Fort Peck Housing Authority (FPHA). The FPHA is a tribal agency created and governed by tribal law. Norman Sibley died on the Fort Peck Indian Reservation. Tribal courts have "inherent power to adjudicate civil disputes affecting the interests of Indians and non-Indians which are based upon events occurring on the reservation." A & A Concrete, Inc. v. White Mountain Apache Tribe, 781 F.2d 1411, 1415 (9th Cir.) (collecting cases), cert. denied, 476 U.S. 1117 (1986). "The requirement of exhaustion of tribal remedies is not discretionary; it is mandatory." Crawford v. Genuine Parts Co., 947 F.2d 1405, 1407 (9th Cir.1991) (internal quotation omitted), cert. denied, 502 U.S. 1096 (1992). "The court lacks discretion to exercise its jurisdiction until tribal remedies have been exhausted or an exception to the exhaustion requirement makes exhaustion unnecessary." Burlington N. R.R. Co. v. Red Wolf, 106 F.3d 868, 871 (9th Cir.1997).
 
 
 3
 Because colorable questions of tribal jurisdiction exist here and none of the exceptions to mandatory deference are applicable, see Crawford, 947 F.2d at 1407, the tribal court must be allowed to determine whether it has subject matter jurisdiction over the dispute. Stock West Corp. v. Taylor, 964 F.2d 912, 919-20 (9th Cir.1992) (en banc). Sibley's contention that the FPHA waived its immunity to being sued in federal court should be resolved in the first instance in tribal court. National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 856-57 (1985); Stock West, 964 F.2d at 920.
 
 
 4
 The district court could not relieve the parties of their obligation to exhaust tribal remedies, Crawford, 947 F.2d at 1407, nor could it "consider any relief" until the parties exhausted tribal remedies. National, 471 U.S. at 857. We therefore vacate the grant of summary judgment in favor of FPHA.
 
 
 5
 We affirm the grant of summary judgment in favor of Indian Health Services (IHS). Although Sibley argues that she was entitled to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f) before summary judgment was entered against her, she did not satisfy Rule 56(f) requirements. Sibley never made clear what information was sought or how it would preclude summary judgment.[1] See Fed.R.Civ.P. 56(f); Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) ("Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery.") Nor were Sibley's requests for discovery, made at and after the hearing on the motions to dismiss or for summary judgment, timely. See Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir.1990).
 
 
 6
 There was no functional equivalent to a Rule 56(f) motion in this case. "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae, 790 F.2d at 1443.
 
 
 7
 We disagree with Sibley's contention that she was not given proper notice of the court's conversion of the Rule 12 motions to dismiss to Rule 56 motions for summary judgment. As the district court observed, IHS designated its motion as a motion to dismiss or, alternatively, for summary judgment. Materials outside the pleadings, including the Dibella and Bruner affidavits, as well as Sibley's affidavit in response to FPHA's motion to dismiss, were submitted and not excluded by the court. As IHS notes, Sibley even filed a document entitled "Memorandum of Law in Opposition to the Motion to Dismiss or in the Alternative for Summary Judgment of Defendant [IHS]" and referred to the motion as an alternative request for summary judgment at three other places in her memorandum. The court's order setting oral argument on the motions also refers to the alternative motion for summary judgment. Compare Whiting v. Maiolini, 921 F.2d 5, 7 (1st Cir.1990) (first notice of conversion came in defendant's Rule 12(b)(6) motion reply brief, filed four days before summary judgment was granted by court, and before defendant had even answered the complaint).
 
 
 8
 The captions of the relevant documents and the submission of affidavits afforded adequate notice to Sibley that summary judgment was contemplated. See Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.1981), cert. denied, 469 U.S. 1229 (1985); Fed.R.Civ.P. 12(b). The hearing on IHS's alternative motions was some three months after the motions were filed. The hearing was two months after IHS filed its reply to Sibley's opposition and included the Bruner affidavit. Sibley could have served opposing affidavits as late as the day before the hearing under Fed.R.Civ.P. 56(c).
 
 CONCLUSION
 
 9
 We AFFIRM the order granting summary judgment to IHS. We VACATE the order granting summary judgment to the FPHA and DISMISS the action as to the FPHA, without prejudice.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Sibley contends that discovery was precluded pending FPHA's motion for protective order and that evidence concerning IHS was in the sole possession of FPHA, she did not come forward with affidavits regarding the particular facts expected from this discovery, or any evidence described in her own pre-discovery disclosure relating to non-defendant witnesses and documents