# United States Court of Appeals
## For the First Circuit

No. 07-2629

CYTOLOGIX CORPORATION,

Plaintiff, Appellant,

v.

VENTANA MEDICAL SYSTEMS, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel,  U.S. District Judge]

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

Jack R. Pirozzolo, Sarah Cooleybeck and Foley Hoag LLP, on response to appellee's motion to dismiss and appellant's cross-motion to transfer, for appellant.
Todd M. McGrath, Seyfarth Shaw LLP, Michael P. Foradas, Mark A. Pals and Kirkland & Ellis LLP, on motion to dismiss, for appellee.

January 17, 2008

**Per Curiam**.  This is an appeal from a single judgment of the district court in two cases, both brought by CytoLogix Corp. against Ventana Medical Systems, Inc.  One of the two district court cases, No. 01-10178, was a patent infringement action; the other, No. 01-12231, was an antitrust/misappropriation action. After two trials, both combining claims from each action, the district court entered final judgment on all claims.  Although there was no formal order of consolidation before those trials, the district court later entered an order stating that, in actuality, the cases were consolidated for trial and ordering that they be consolidated, nunc pro tunc, as of the commencement of the first trial.  CytoLogix then filed two identical notices of appeal from the consolidated judgment, one in this court and one in the Court of Appeals for the Federal Circuit.

Ventana has now moved to dismiss the appeal to this court for lack of jurisdiction and has also sought sanctions under Rule 38 of the Federal Rules of Appellate Procedure.  CytoLogix opposes dismissal and sanctions but concedes that its appeal of the disposition of its patent claims should be transferred to the Federal Circuit.  In the alternative, CytoLogix requests that the entire appeal be transferred to the Federal Circuit rather than dismissed.  For the reasons discussed below, we dismiss the appeal but deny sanctions.

-2-

"Under 28 U.S.C. § 1295(a) the Federal Circuit has exclusive jurisdiction of an appeal if the jurisdiction of the district court was based, in whole or in part, on 28 U.S.C. § 1338." Wang Labs., Inc. v. Applied Computer Sciences, Inc., 926 F.2d 92, 94-95 (1st Cir. 1991). In turn, section 1338 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). As is apparent on the face of the complaint in No. 01-10178, the district court's jurisdiction in that case arose under patent law.[1] Although the complaint in No. 01-12231 did not arise under patent law, "once the [two cases] were consolidated, jurisdiction of the entire case was necessarily based 'in part' on section 1338."[2] Xeta, Inc. v. Atex, Inc., 825 F.2d 604, 607-08 (1st Cir. 1987) (citing In re Innotron Diagnostics, 800

_____

[1]Because the district court's jurisdiction under section 1338 is determined by application of the well-pleaded complaint rule, the fact that a counterclaim or defense is based on patent law is not sufficient to confer jurisdiction under that section. Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 830-33 (2002). Prior cases holding to the contrary, e.g., Aerojet-General Corp. v. Machine Tool Works, Oerlikon-Buehrle, Ltd., 895 F.2d 736, 742-43 (Fed. Cir. 1990), are therefore no longer good law on that point. See Telcomm Technical Servs., Inc. v. Siemens Rolm Commc'ns, Inc., 295 F.3d 1249, 1251-52 (Fed. Cir. 2002).

[2]Indeed, in an order in an interlocutory appeal in this case, the Federal Circuit indicated that its jurisdiction over an appeal from final judgment in the non-patent case would depend on whether the two cases were consolidated, which was unclear from the record at that point. Accordingly, the Federal Circuit expressed hope that "the district court w[ould] illuminate its view of the issue of whether the cases are consolidated or not during the remaining proceedings," which the court ultimately did.

-3-

F.2d 1077, 1080 (Fed. Cir. 1986)); see also Wang Labs., 926 F.2d at 95. Accordingly, the Federal Circuit has exclusive jurisdiction over this appeal.[3] Wang Labs., 926 F.2d at 95.

Ordinarily, having reached the above conclusion about an appeal filed in this circuit, we would transfer the appeal to the Federal Circuit as authorized by 28 U.S.C. § 1631. See id. at 95 & n.4. However, because an identical appeal is already pending there, we will simply dismiss the appeal mistakenly filed here, without prejudice.

Although Ventana has thus prevailed on its motion to dismiss, we do not find Cytologix's position to be so frivolous as to warrant sanctions under Rule 38 of the Federal Rules of Appellate Procedure. See Powell v. Alexander, 391 F.3d 1, 24 (1st Cir. 2004). Accordingly, Ventana's request for sanctions is denied.

---

[3]Cytologix relies on In re Mass. Helicopter Airlines, Inc., 469 F.2d 439, 441-42 (1st Cir. 1972), for the proposition that consolidated cases remain separate for purposes of determining appellate jurisdiction. In doing so, it reads Mass. Helicopter too broadly. That case involved appealability in the absence of a final judgment on all claims or a certificate under Rule 54(b) of the Federal Rules of Civil Procedure. Even in that context, we reserved decision on "[w]hether consolidated actions must remain separate actions under every conceivable set of circumstances." Id. at 442 n.3. In a later case, we expressly limited Mass. Helicopter's holding to the Rule 54(b) context, stating that it "does not mandate that consolidated cases always retain their separateness for all purposes." Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 177-78 (1st Cir. 1999).

The motion to dismiss is granted.  The motion for sanctions and the cross-motion to transfer are denied.  No costs.