# United States Court of Appeals

## For the Eighth Circuit

———————————————————

No. 15-1669

———————————————————

Online Resources Corporation; ACI Worldwide, Inc.

*Plaintiffs - Appellants*

v.

Joao Bock Transaction Systems, LLC

*Defendant - Appellee*

————————

Appeal from United States District Court
for the District of Nebraska - Omaha

————————

Submitted: November 17, 2015
Filed: December 15, 2015

————————

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

————————

RILEY, Chief Judge.

Online Resources Corporation (ORCC) and ACI Worldwide, Inc. (ACI, and collectively, ACI Worldwide) appeal from a March 2, 2015, order and judgment of the district court[1] denying ACI Worldwide's motion for partial summary judgment

———————————————————

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

and granting partial summary judgment to Joao Bock Transaction Systems, LLC (JBTS). For the reasons stated below, we dismiss for lack of appellate jurisdiction.

## I. BACKGROUND

ACI provides online banking products to financial institutions in the United States. JBTS owns several patents related to ensuring financial account and transaction security, including U.S. Patent No. 7,096,003 (the '003 patent). JBTS did not sue ACI directly, but by 2012, JBTS had sued several of ACI's customers, alleging patent infringement related to ACI's products.

To resolve their patent dispute, on November 13, 2012, ACI and JBTS entered into a settlement agreement in which ACI made a large cash payment to JBTS in exchange for a patent license, release, and covenant not to sue from JBTS for ACI and certain ACI affiliates, related entities, and customers. JBTS also dismissed its pending suits against ACI's customers.

In March 2013, ACI, through a subsidiary, acquired ORCC in a short-form merger. As a result of the merger, ORCC became a wholly owned subsidiary of ACI.[2] ORCC, like ACI, provided online banking products to financial institutions.

On June 18, 2013, JBTS sued ORCC in the Southern District of New York, alleging ORCC infringed the '003 patent before the merger. ACI maintained ORCC became an ACI affiliate and related entity as defined in the settlement agreement upon merging and was therefore protected by the release and license ACI had obtained.

When JBTS refused to dismiss its infringement suit, ACI Worldwide filed case number 8:13-cv-231 (case 231) in the District of Nebraska, asserting JBTS's suit

---

[2]ORCC later merged into another ACI subsidiary.

breached the settlement agreement. ACI Worldwide also sought a judgment declaring either the '003 patent was not infringed or was invalid. JBTS filed a counterclaim for breach of the settlement agreement. On August 13, 2013, JBTS's infringement suit was transferred at the parties' request from the Southern District of New York to the District of Nebraska, where it became case number 8:13-cv-245 (case 245). On ACI Worldwide's motion, the district court consolidated cases 231 and 245 "for all purposes." ACI Worldwide then asserted affirmative defenses and a counterclaim for breach of contract in case 245.

On cross-motions for partial summary judgment in both cases, the district court denied ACI Worldwide relief and granted JBTS summary judgment in part. The district court dismissed each party's breach-of-contract claim, but granted JBTS's request for a declaration that the settlement agreement did not apply to ORCC's pre-merger conduct. Reasoning ACI Worldwide's claims for a declaration of non-infringement and invalidity in case 231 duplicated its defenses in case 245, the district court deemed those claims merged into case 245 and dismissed the claims in case 231. The district court dismissed case 231; case 245 is pending.

ACI Worldwide appealed the district court's rulings in both cases to this court and filed a corresponding cross-appeal in the Court of Appeals for the Federal Circuit. JBTS appealed only to the Federal Circuit. JBTS maintains the Federal Circuit has exclusive jurisdiction of this appeal because this consolidated case arises under U.S. patent law. We now consider that threshold jurisdictional question and conclude 28 U.S.C. § 1295(a)(1) gives the Federal Circuit exclusive jurisdiction of this appeal.[3]

---

[3]We also question whether the district court's order and judgment constitute a final decision for purposes of 28 U.S.C. § 1295(a)(1), but leave that question to the Federal Circuit.

## II. DISCUSSION

As relevant here, 28 U.S.C. § 1295(a)(1) grants the Federal Circuit "exclusive jurisdiction of an appeal from a final decision of a district court of the United States . . . in any civil action arising under, or in any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents." "An action 'arises under' patent law when 'federal patent law creates the cause of action asserted' or when it presents a federal patent issue that is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" Krauser v. BioHorizons, Inc., 753 F.3d 1263, 1268 (Fed. Cir. 2014) (alteration omitted) (quoting Gunn v. Minton, 568 U.S. ___, ___, ___, 133 S. Ct. 1059, 1064, 1065 (2013)).

We have no trouble concluding cases 245 and 231, as pled, arose under U.S. patent law. In case 245, JBTS alleged ORCC infringed the '003 patent. See 35 U.S.C. § 271 (infringement). In case 231, ACI Worldwide—averring its claims arose under U.S. patent law and claiming federal jurisdiction on that basis—sought a declaration of non-infringement and invalidity. "'[I]ssues of . . . infringement, validity and enforceability present sufficiently substantial questions of federal patent law to support'" exclusive jurisdiction in the Federal Circuit under 28 U.S.C. § 1295(a)(1). Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 599 F.3d 1277, 1283 (Fed. Cir. 2010) (quoting Bd. of Regents, Univ. of Tex. v. Nippon Tel. & Tel. Corp., 414 F.3d 1358, 1363 (Fed. Cir. 2005)).

ACI Worldwide argues the district court's order altered the jurisdictional analysis. Relying on 28 U.S.C. § 1291, ACI Worldwide asserts we have appellate jurisdiction because "the only issues remaining in Case 231 relate to the breach of contract issues. The patent issues now reside exclusively in Case 245 and are not at issue in this appeal." According to ACI Worldwide, the Federal Circuit does not have

exclusive jurisdiction because "the breach of contract issues herein address only contract interpretation claims under Nebraska law."

ACI Worldwide ignores two critical points. First, the district court's order and the issues on appeal do not relate exclusively to the breach-of-contract claims in case 231 as ACI Worldwide contends. ACI Worldwide's appeal notices expressly challenge rulings in both cases.

Second, although we have not decided this issue, the Federal Circuit and other circuits have decided in analogous cases that appellate jurisdiction of a consolidated case lies exclusively in the Federal Circuit when at least some of the consolidated claims arise under U.S. patent law. See, e.g., Dorf & Stanton Commc'ns, Inc. v. Molson Breweries, 56 F.3d 13, 14-15 (2d Cir. 1995) (concluding the Federal Circuit had exclusive appellate jurisdiction of a consolidated case under a prior version of 28 U.S.C. § 1295(a)(1)); In re Innotron Diagnostics, 800 F.2d 1077, 1080 (Fed. Cir. 1986) (same).

The First Circuit's decision in CytoLogix Corp. v. Ventana Med. Sys., Inc., 513 F.3d 271 (1st Cir. 2008) (per curiam), is particularly instructive. In CytoLogix, the plaintiff brought two separate cases against the same defendant—one was a patent-infringement action, the other was not. See id. at 271. The trial court consolidated the cases and entered a single judgment. Id. The plaintiff filed notices of appeal in the First Circuit and the Federal Circuit. Id. at 271-72. On the defendant's motion to dismiss the First Circuit appeal for lack of jurisdiction, the First Circuit concluded that although the non-patent action did not itself "arise under patent law, 'once the two cases were consolidated, jurisdiction of the entire case was necessarily based "in part" on [28 U.S.C.] section 1338.'" Id. at 272 (alterations omitted) (quoting Xeta, Inc. v. Atex, Inc., 825 F.2d 604, 607 (1st Cir. 1987) (per curiam)). "Accordingly, the Federal Circuit ha[d] exclusive jurisdiction over th[e] appeal." Id.

On similar facts, we reach the same conclusion here. Even if case 231, standing alone, no longer arose under U.S. patent law after the district court deemed ACI Worldwide's non-infringement and invalidity claims merged into case 245, the Federal Circuit still has exclusive appellate jurisdiction of this entire consolidated case composed in large part of federal patent claims. Although we could transfer this case to the Federal Circuit, see 28 U.S.C. § 1631 (authorizing transfer to cure "a want of jurisdiction"), we conclude transfer is unnecessary because an appeal raising the same issues is already pending in the Federal Circuit. See CytoLogix, 513 F.3d at 272.

## III.  CONCLUSION

This appeal is dismissed without prejudice.

_____